Shaw, C. J.
The court are of opinion, that this action cannot be maintained, for several reasons. The plaintiffs claim on a note barred by a discharge in insolvency ; but they insist, that the special promise to indorse $300 on it, as cash, to be accepted by the present defendant as cash, towards his contract, was a renewal of the note.
1. On this evidence, we think no action will lie on the note. Suppose a discharged debt is a good consideration for an express promise, it is a new special promise, to be enforced according to its terms. If the promise is limited, conditional, or dependent, it must be shown, that the condition has been complied with, and that the defendant has failed to do the specific thing promised to be done. The analogy, supposed to be derived from the statute of limitations, does not apply. It has long been the practice to. declare on an original promise, and if the statute of limitations is pleaded, to allow the plaintiff to reply a new promise to avoid the bar, and recover on the original cause of action. This arises partly from the nature of the case, it being impossible for the plaintiff, when he commences his action, to know whether the defendant will *487 plead the statute or not, but mainly upon a long and settled course of practice, both in England and in this state. Leaper v. Tatton, 16 East, 420. The statute of limitations, therefore, is an exception to the general practice, and forms no rule for other cases.
2. The legal effect of this new promise of Pike was, not to pay the note, but to allow it in part, to wit, the principal without interest, towards payment of a sum becoming due on his contract. The contract so to allow and indorse it was in the nature of a receipt pro tanto ; and the proper time and mode of claiming it was in the suit, in which payment on that contract was demanded, and by advice of counsel it was so claimed.
3. This subject, primá facie, has been adjudicated by a court of competent jurisdiction, where the subject was directly in issue. The claim of Pike, for payment and damages, against the defendant, under the contract, involved every question of the amount due, and of course of payments and deductions ; and this claim for a deduction of $300 was expressly made, and was either allowed or disallowed, and therefore in either event must be considered as res judicata. If the court of common pleas, in which the action was pending, gave any wrong direction in regard to it, the plaintiffs’ only remedy was by exceptions; if the jury decided against evidence, upon right direction, the remedy was by a motion for a new trial in that court.
4. But it is stated by the plaintiffs, that they can show, by a computation of the amount due on the contract, and the payments other than this $300, that if the $300 had been deducted, the verdict could not have been given for the amount it was. The first remark upon this is, that these facts do not appear in the agreed statement. If the fact was inadvertently omitted in drawing up the statement, we should have been disposed to open the statement, in order to afford an opportunity for introducing it. But we think it would be unavailing if proved. It would be to try over again, in a collateral suit, a matter cognizable in a former action, and directly before the court; but more especially, because the promise of the def 2nd- *488 ant was a special promise, to allow the principal of the discharged debt, in a special form, and did not revive the note, or give any right of action to recover money.
5. The agreement of the defendant, to let $300 remain unpaid on the judgment, to await the result of this suit, and to be set off, if the plaintiffs should recover, is no admission of the defendant’s liability, but rather an implied denial of it; for if the defendant intended by such agreement to admit the plaintiff’s claim, why not make the deduction from the judgment at once, and avoid the trouble and expense of a suit ? No; the effect of this agreement was, to leave the defendant at liberty to avail himself of any grounds of defence; to enable him to show, if he could, that the plaintiffs had no cause of action.

Judgment for the defendant.